UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

PATSY PRELOGAR, )
)
        Plaintiff, )
)
v. ) Case No. 13-cv-2076 EFM/DJW
)
UNITED STATES OF AMERICA, )
)
        Defendant. )
_____)

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S SECTION 7426(h) CLAIM**

The United States moves to dismiss that portion of Patsy Prelogar's complaint seeking damages under 26 U.S.C. ("I.R.C.") § 7426(h), because she has failed to file an administrative claim with the IRS. Plaintiff has failed to exhaust her administrative remedies, and the Court therefore lacks jurisdiction over her Section 7426(h) claim.

**FACTUAL BACKGROUND**

On February 12, 2013, Plaintiff filed this wrongful levy action under I.R.C. § 7426. In October 2012, the IRS levied on a 2008 BMW X5 (the "automobile") in partial satisfaction of unpaid tax liabilities exceeding $1.6 million owed by Winntech Digital Systems, Inc. ("Winntech"). (See July 30, 2013 Declaration of Revenue Officer Aaron Howard, attached as Exhibit 1, ¶ 2). Plaintiff alleges in her complaint that as a result of a clerical error, the automobile's title erroneously listed Winntech as the sole owner, when she claims she was at least a co-owner. Her complaint demands that the (then-pending) sale of the automobile be

enjoined,[1] that the IRS return the automobile, and that she be awarded damages under § 7426(h) for the IRS's allegedly reckless and/or improper levy. (*See* Complaint (Doc. 1) ¶ 23). Plaintiff does not allege, however, that she ever filed an administrative claim for damages (outside of her demand for return of the automobile or its value) to the IRS. (*See Id.* ¶ 15).

**ARGUMENT**

**I.        Law Governing Rule 12(b)(1) Motions to Dismiss**

It is the plaintiff's burden generally to demonstrate a court's jurisdiction over a matter. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also United States ex rel. Stone v. Rockwell, Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002). Under Rule 12(b)(1), a claim may be dismissed for lack of jurisdiction over the subject matter of the action based either on the plain jurisdictional allegations stated on the face of the complaint (a "facial" attack), or upon the factual truthfulness of those allegations (a "factual" attack). *Rural Water District No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272, n.1 (10th Cir. 2012)(*citing Muscogee (Creek) Nation v. Okla. Tax Comm'n,* 611 F.3d 1222, 1227 n.1 (10th Cir. 2010)).

This motion primarily challenges subject matter jurisdiction on the basis of a "factual" attack. Under such circumstances, the Court may look outside of the pleadings at a variety of evidentiary materials, from affidavits to documents, and the nonmovant is not permitted the benefit of favorable inferences or the presumption of the truthfulness of her allegations. *Muscogee (Creek) Nation,* 611 F.3d at 1227 n.1; *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995); *see also Kanzelberger v. Kanzelberger,* 782 F.2d 774, 777 (7th Cir.1986) (because subject-matter jurisdiction "cannot be conferred by consent of the parties, if the facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound

---

[1] The automobile was sold in March of this year after the Plaintiff failed to move formally for an injunction preventing its sale.

to demand proof of its truth," and thus may consider extrinsic evidence without the presumptions that attach in a facial attack).

That the United States is the defendant to Plaintiff's lawsuit has special relevance to the jurisdictional analysis necessary to resolve this motion. It is axiomatic that the United States, as sovereign, may not be sued without its consent and the terms of its consent define this Court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *see also Meuli v. United States*, No. 11-1044, 2011 WL 2650355, at *2 (D. Kan. July 6, 2011). Any waiver of sovereign immunity, reflected in a federal statute permitting a party to sue the Government or otherwise, must therefore be strictly construed and explicitly established. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *United States Dept. of Energy v. Ohio*, 503 U.S. 607, 615 (1992); *see also Fostvedt v. United States*, 978 F.2d 1201 (10th Cir. 1992). This Court has no subject-matter jurisdiction over Prelogar's claim unless she can demonstrate not only the existence of a statute under which the Government has consented to be sued, but also that her claim meets its specific requirements.

## II.     The Court Lacks Jurisdiction Over Plaintiff's Damages Claims Because She Failed To Exhaust Her Administrative Remedies Prior To Filing Suit.

The thrust of a wrongful levy claim is that property in which a third party[2] has a demonstrable interest has been levied against to satisfy the tax indebtedness of another in a manner that harms, or unlawfully interferes with, the third party's interest. *See* I.R.C. § 7426(a); *United States v. Sessler*, 7 F.3d 1449, 1451 (9th Cir. 1993) ("[t]he regulations limit wrongful levy actions to situations where the government had no business at all interfering with the third party's property right"). The mere act of levy itself is not "wrongful" simply because a third party claims an interest in the levied property. *See, e.g., United States v. Francis*, 646 F.2d 251,

---

[2] The wrongful levy claimant is not the taxpayer whose indebtedness gives rise to the challenged levy. Section 7426 also prohibits a wrongful levy claimant from challenging the tax assessment underlying the levy. *See* I.R.C. § 7426(c) (assessment is conclusively presumed valid).

3

263 (6th Cir. 1981) ("courts have uniformly held that the Internal Revenue Service (IRS) may lawfully attach property belonging to a defendant even though the government's initial seizure of the property was illegal, and that the tax lien will frustrate a motion for return of the property"); *Field v. United States*, 263 F.2d 758, 762-63 (5th Cir. 1959). Where a third party successfully establishes a wrongful levy under Section 7426(a), the party's remedies are limited to enjoining the sale of the property, obtaining return of the property if it has not been sold, or obtaining a judgment for the value of the levied property. I.R.C. § 7426(b).

A third party may also seek to recover additional direct economic damages and costs stemming from a wrongful levy if she can demonstrate that "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregarded any provision" of the tax laws in connection with the levy. I.R.C. § 7426(h). However, Section 7426(h) specifically requires the claimant to exhaust her administrative remedies before filing suit, and incorporates the terms of Section 7433(d) for that purpose. I.R.C. § 7426(h)(2).

Section 7433(d), along with the regulations implementing it (26 C.F.R. § 7433-1), sets forth a number of specific administrative requirements that a claimant must meet before filing a Section 7426(h) claim. *See, e.g., Stockwell v. United States*, 450 F. Supp. 2d 93, 94 (D.D.C. 2006), citing 26 C.F.R. § 301.7433-1. Specifically:

> (e) Procedures for an administrative claim--(1) Manner. An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.
>
>> 2. (2) Form. The administrative claim shall include:
>>
>>> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

4

> (ii) *The grounds, in reasonable detail, for the claim* (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
>
> (iii) *A description of the injuries incurred by the taxpayer* filing the claim (include copies of any available substantiating documentation or evidence);
>
> (iv) The dollar amount of the claim, including *any damages that have not yet been incurred but which are reasonably foreseeable* (include copies of any available substantiating documentation or evidence);

26 C.F.R. § 301.7433-1 (e) (2010) (emphasis added). The regulations specific to Section 7426 mirror these requirements. *See* 26 C.F.R. § 301.7426-2.

Exhaustion of these administrative remedies is a jurisdictional prerequisite to seeking damages under Section 7426(h). *Shah v. United States,* No. 3:12–cv–119, 2013 WL 1869095, at *7 (W.D. Pa. May 3, 2013) (granting Rule 12(b)(1) motion to dismiss Section 7426(h) claim for failure to exhaust administrative remedies); *Carter v. United States*, 216 F. Supp. 2d 700, 711 (W.D. Tenn. 2002) (plaintiff who prevailed on Section 7426 wrongful levy claim not entitled to consequential damages under Section 7426(h) where she could not establish that she had exhausted administrative remedies with respect to that damages demand). The failure to have exhausted such administrative remedies deprives this Court of jurisdiction over the claim. *Meuli,* 2011 WL 2650355, at *3 (claimant's Section 7433 damages claim dismissed where claimant failed to allege he had filed a claim for damages with the IRS administratively before proceeding to district court); *Williams v. Internal Revenue Service,* No. 4:06-cv-1493, 2007 WL 1965545, at *2 (E.D. Mo. July 2, 2007) (same); *see also Shah,* 2013 WL 1869095, at *7.[3]

---

[3] Courts of Appeal in four other circuits have recently held that the exhaustion requirement of Section 7433(d) (which Section 7426(h) incorporates) can no longer be considered jurisdictional in light of recent Supreme Court precedent, although all have also held that it is still mandatory for the plaintiff to prove exhaustion before judgment can be awarded. *See, e.g., Gray v. United States*, --- F.3d ---, Case No. 12-3523, 2013 WL 3796243, at *3 (7th Cir. Jul. 23, 2013) (characterizing exhaustion as an affirmative defense); *Hoogerheide v. I.R.S.*, 637 F.3d 634, 636 (6th Cir. 2011) (same). Because the Tenth Circuit has not addressed the issue, the United States will rely herein on controlling and relevant case law in Kansas indicating that establishing administrative exhaustion remains a

Plaintiff has not alleged in her complaint that she administratively pursued her damages claims before filing this lawsuit. And more fundamentally, it is indisputable that the Plaintiff *in fact* has not to date exhausted her administrative remedies with respect to her Section 7426(h) claim by filing an administrative claim with the proper IRS office. (Howard Decl. ¶ 4). The Court has no jurisdiction over Plaintiff's Section 7426(h) claim until she makes administrative demand that the IRS compensate her for its purportedly improper seizure of the automobile, and that claim should therefore be dismissed.

Dated: July 31, 2013

       Respectfully submitted,

       BARRY R. GRISSOM
       United States Attorney

       /s/Brian Corcoran
       BRIAN H. CORCORAN
       U.S. Department of Justice, Tax Division
       P.O. Box 7238
       Washington, D.C. 20044
       Telephone: 202.353.7421
       Facsimile: 202.514.6770
       brian.h.corcoran@usdoj.gov

       Attorneys for the United States of America

---

jurisdictional prerequisite to a Section 7426(h) claim. But even if this Court were to find that the Plaintiff's failure to exhaust administrative remedies is not grounds for dismissal under Rule 12(b)(1), it would still be proper to dismiss the Plaintiff's Section 7426(h) claim under Rule 12(b)(6), because the Plaintiff fails to state a claim upon which relief can be granted (as she cannot show satisfaction of the exhaustion requirement – a prerequisite to the United States' waiver of sovereign immunity for this kind of claim).