# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATSY PRELOGAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-cv-2076 EFM/DJW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN OPPOSITION OF PLAINTIFF'S RESPONSE TO UNITED STATES' MOTION TO DISMISS PLAINTIFF'S 7426(h) CLAIM

## FACTUAL BACKGROUND

In October 2012, over Plaintiff's protestation that she had at least a fifty percent ownership interest in her automobile (a 2009 BMW X5), Aaron Howard, an IRS revenue officer, seized the automobile from Plaintiff for a satisfaction of an alleged tax liability of $1.6 million owed by Winntech Digital Systems, Inc. ("Winntech"), a Kansas corporation. Plaintiff is not personally liable for any of such alleged tax liabilities. Right after the levy (in November 2012), Plaintiff submitted materials and documents to the IRS to support her ownership interest in the automobile. Having not received any response from the IRS, Plaintiff's attorney, Robert McQuain, again submitted documents and title information supporting Plaintiff's ownership interest in the automobile to the IRS in March 2013. (See Patsy Prelogar Affidavit attached.) Shortly before the auction, the corrected title to the automobile was issued by the Kansas Department of Revenue. Such corrected/new title, which indicated Plaintiff's ownership interest in the automobile, was shown to the IRS and a request was made to the IRS that it recognize Plaintiff's interest in the automobile. The IRS revenue officer and his Group Manager refused to acknowledge any of the

Plaintiff's ownership interest in the automobile. Moreover, from the levy through the auction, the IRS gave no notices of right to appeal or other rights to Plaintiff.

## ARGUMENT

**I.  Exhaustion is not jurisdictional prerequisite that taxpayer is not required to plead in complaint.**

Under Rule 12(b)(1), a claim may be dismissed for lack of jurisdiction over the subject matter of the action. However, "exhaustion was non-jurisdictional prerequisite that taxpayer was not required to plead in complaint." *Shane, Phillip v. U.S.*, 101 AFTR 2d 2008-449. "Procedure for attacking taxpayer's exhaustion failure was for Government to bring summary judgment motion under F.R.Civ.P. 56 rather than Rule 12 dismissal motion. See also *Lendsey, Stephen v. U.S.*, 101 AFTR 2d 2008-734. "Court improperly determined that administrative remedies exhaustion was pleading requirement under IRC §7433 where statute mandated only that 'no judgment' be awarded if requirement wasn't met, not that 'no action' be brought . . . so court had to covert motion to one for summary judgment and consider matters outside pleadings to determine validity of Government's exhaustion defense. *Kim, Calvin v. U.S., et al*, 107 AFTR 2d 2011-590.

Because exhaustion is not a jurisdictional prerequisite to a cause of action brought under I.R.C. §7426(h), the district court should reject Defendant's motion to dismiss.

**II.  IRS has failed to send any notice to Plaintiff required by I.R.C. §§6331, 6335, so it is estopped from raising the exhaustion defense.**

Under I.R.C. §6331(d)(1), a "levy may be made . . . only after the Secretary has notified such person in writing of his intention to make such levy." Such notice "shall be (A) given in person, (B) left at the dwelling or usual place of business of such person, or (C) sent by certified or registered mail to such person's last known address, no less than 30 days before the day of the

levy." I.R.C. §6331(d)(2). Furthermore, the notice ". . . shall include (A) the provisions of this title relating to levy and sale of property, (B) the procedures applicable to the levy and sale of property under this title, (C) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals, (D) the alternatives available to taxpayers which could prevent levy on the property (E) the provisions of this title relating to redemption of property and release of liens on property, and (F) the procedures applicable to the redemption of property and the release of a lien on property under this title." I.R.C. §6331(d)(4). (See also Reg. §301.6331-2.)

Under I.R.C. §6331(a), as soon as practicable after seizure of property, notice in writing shall be given by the Secretary (Internal Revenue Officer) to the owner of the property (or, in the case of personal property, the possessor thereof), or shall be left at his usual place of abode or business if he has such within the internal revenue district where the seizure is made. If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address. Such notice shall specify the sum demanded and shall contain, in the case of personal property, an account of the property seized and, in the case of real property, a description with reasonable certainty of the property seized. Also, under I.R.C. §6331(b), the Secretary (District Director) shall as soon as practicable after the seizure of the property give notice to the owner, in the manner prescribed in subsection (a) . . . Such notice shall specify the property to be sold, and the time, place, manner, and conditions of the sale thereof.

The elements of equitable estoppel include: "(1) a false representation or wrongful misleading silence; (2) an error in a statement of fact and not in an opinion or statement of law; (3) person claiming the benefits of estoppel must be ignorant of the true facts; and (4) person claiming

estoppel must be adversely affected by the acts or statements of the person against whom estoppel is claimed." *Estate of Emerson v. Commissioner*, 67 T.C. 612, 617-618 (1977).

In this case, the IRS has failed to send any notice (see Patsy Prelogar Affidavit attached), as required by law, as to Plaintiff's right of appeal or any other administrative remedies that are available for her to contest the levy and the sale and Plaintiff did not have any personal knowledge as to such administrative remedies at the time of seizure and thereafter. Therefore, it is impossible for Plaintiff to fulfill the exhaustion requirement under the I.R.C. §7426(h)(2). Because the IRS's own wrongful act/inaction has adversely affected Plaintiff's right to those administrative remedies, the IRS should be estopped from raising failure to exhaust administrative remedies as a defense.

Based upon the foregoing, it is respectfully requested that Defendant's Motion to Dismiss be denied.

Respectfully submitted,

**MCQUAIN, DEHARDT & ROSENBLOOM, P.C.**

/s/ Robert R. McQuain
Robert R. McQuain, KS Bar #06944
4505 Madison Avenue
Kansas City, Missouri 64111
Telephone: (816) 531-0509
Fax: (816) 751-0520
E-mail: mcquain@mdrlaw.com
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of August, 2013, a copy of the foregoing was filed electronically with the Clerk of the Court via CM/ECF system, which will send a copy with the Notice of Electronic Filing to all ECF system participants as of the time of the filing.

                                                          /s/ Robert R. McQuain
                                                          Robert R. McQuain, KS Bar #06944